**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3877
_____

JOHN MARQUESS, ADMINISTRATOR OF THE ESTATE OF WILLIAM MARQUESS,
DECEASED; JASON MARQUESS

v.

PENNSYLVANIA STATE EMPLOYEES CREDIT UNION,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 09-cv-04256)
Magistrate Judge:  Honorable Jacob P. Hart
_____

Submitted Under Third Circuit LAR 34.1(a)
April 29, 2011
_____

Before: BARRY, HARDIMAN and TASHIMA,[*] *Circuit Judges*

(Opinion Filed: May 12, 2011)
_____

OPINION
_____

_____

  [*] Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

TASHIMA, *Circuit Judge*

The Electronic Fund Transfers Act (EFTA) and its implementing regulations impose, in certain situations, liability on banks for unauthorized electronic fund transfers (EFTs) drawn against their customers' accounts. 15 U.S.C. § 1693 et seq.; 12 C.F.R. § 205.6 et seq. The question is whether the EFTA applies to bank accounts opened through forgery.

After a bench trial, the District Court made factual findings that neither party challenges. William Marquess, now deceased, opened a bank account at Pennsylvania State Employees Credit Union (PSECU) in the name of his adult son, Jason, by forging Jason's signature. William never told Jason about the forgery or the account. William used his own Philadelphia address for the account instead of Jason's Florida address. Later, William made himself a joint holder of the account by forging Jason's signature on another form. Later still, William authorized electronic transfers from the joint Jason/William account to an account in the name of David Marquess, William's other son, by forging Jason's signature on yet another form.

When William died, the joint Jason/William account held over $25,000, although Jason still had no idea that the account existed. David, however, learned of the account through a letter that PSECU sent to William's home. David then called PSECU, impersonated Jason, obtained the account's PIN number and on-line banking password, and stole the $25,000 balance. When Jason finally learned what had happened after

2

receiving notice that he owed inheritance tax on the joint account, PSECU refused to refund the stolen money.

William's estate and Jason sued PSECU for violation of the EFTA and breach of contract. The district court found for Jason on the EFTA claim, but found for PSECU on all other claims. PSECU appeals. We have jurisdiction under 28 U.S.C. §1291. We review the district court's findings of fact for clear error and its conclusions of law de novo. *Feesers, Inc. v. Michael Foods, Inc.*, 591 F.3d 191, 194 (3d Cir. 2010).

Under the Federal Reserve Board's official staff interpretation, the EFTA does not apply unless the consumer has entered an agreement for EFT services:

> 1. Accounts covered. The requirements of the regulation apply only to an account for which an agreement for EFT services to or from the account has been entered into between:
>
> i. The consumer and the financial institution (including an account for which an access device has been issued to the consumer, for example);
>
> ii. The consumer and a third party (for preauthorized debits or credits, for example), when the account-holding institution has received notice of the agreement and the fund transfers have begun.

12 C.F.R. Pt. 205, Supp. I § 205.3. We credit this interpretation because it is not "demonstrably irrational." *Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871, 882 (2011) (quoting *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980)); *Aronson v. Peoples Natural Gas Co.*, 180 F.3d 558, 563 (3d Cir. 1999). Only subsection (i) of the interpretation applies to this case, because the unauthorized transfer did not involve preauthorized debits or credits by a third party.

3

No agreement for EFT services existed between PSECU and either Jason or William. Obviously Jason never entered any such agreement; he did not even know that the account existed until after David stole the money. As for William, he purported to establish an EFT agreement by forging Jason's signature on the PSECU form, but this agreement – like the antecedent account-opening agreement – was forged and is therefore void. See *Tonkin v. Tonkin*, 94 A.2d 192, 196 (Pa. Super. Ct. 1953) ("[T]he legal effect of [forgery] is to void the instrument."); *FDA Packaging Inc. v. Advance Personnel Staffing, Inc.*, 73 Pa. D. & C. 4th 420, 430 n.4 (Ct. Com. Pl. 2005) ("Void contracts generally arise in cases of forgery of a party's name or unauthorized execution of an agreement on behalf of another party.").

Plaintiffs argue, incorrectly, that PSECU somehow created an agreement with Jason by treating him as the account owner after William's death. One cannot, however, ratify a contract that never existed. *Long v. Sears Roebuck & Co.*, 105 F.3d 1529, 1535 n.10 (3d Cir. 1997).

Because no agreement existed between any plaintiff and PSECU, the EFTA does not apply. *See* 12 C.F.R. Pt. 205, Supp. I § 205.3 (1)(i).

## CONCLUSION

Accordingly, we will reverse the judgment of the District Court against PSECU.

4